IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| HEIN HETTINGA and ELLEN HETTINGA, d/b/a SARAH FARMS, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE JOHANNS, SECRETARY OF AGRICULTURE, UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 5:06-CV-052-C ) ECF |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 3 0 2006
CLERK, U.S. DISTRICT COURT
By _____
   Deputy

## ORDER

CAME ON FOR CONSIDERATION this day the Plaintiffs' Motion for a Preliminary Injunction, filed on March 15, 2006. Also before this Court is the Defendant's Response, filed on March 27, 2006, and the Plaintiffs' Reply, filed on March 29, 2006. After considering the briefs filed, as well as the arguments of counsel at the hearing held on March 29, 2006, this Court is of the opinion that the motion should be denied.

As an initial matter, the Court notes that preliminary injunctive relief is an "extraordinary and drastic remedy." *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). It should be "treated as an exception rather than the rule." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357,

363-64 (5th Cir. 2003). Consequently, in order for this Court to grant a preliminary injunction, Plaintiff must establish:

 (1) a substantial likelihood of success on the merits;

 (2) a substantial threat that they will suffer irreparable injury if preliminary injunctive relief is denied;

 (3) the threatened injury to them outweighs the injury to the other party if a preliminary injunction is issued; **and**

 (4) the injunction is not adverse to the public interest.

*Enterprise Int'l, Inc.*, 762 F.2d at 472; *Lake Charles Diesel, Inc. v. GMC*, 328 F.3d 192, 195-96 (5th Cir. 2003) (emphasis added).

  In this case, Plaintiffs have "utterly" failed to establish the prerequisites to preliminary injunctive relief. First, Plaintiffs have not demonstrated that they will suffer "irreparable" injury if this Court refuses to grant a preliminary injunction. The Fifth Circuit has held that "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay are not enough." *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 545 n. 42 (5th Cir. 2005); *see DFW Metro Line Servs. v. Southwestern Bell Telephone Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff."); *see also Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro*, 875 F.2d 1174, 1179 (5th Cir. 1989) (noting general rule against preliminary injunctive relief where harm is "strictly financial").

  Here, Plaintiffs claim that the Final Rule will impose a regulatory assessment of several hundred thousand dollars per month. (Pl.'s Mot. for Prelim. Inj. Br., p. 23.) These payments will allegedly have a substantial adverse effect on Sarah Farms' revenues and profitability. *Id.*

Specifically, in response to the increased cost to bottle its own produced milk, Sarah Farms will either have to raise its prices to its customers by approximately twenty cents per gallon or suffer a direct loss on those sales. (Pl.'s Reply, p. 18.) Then, in response to these increased prices, Sarah Farms will suffer either the loss of accounts, reduced profits, or a change in the comparative prices offered by Sarah Farms. *Id.* For Plaintiffs, the "real and irreparable harm to Sarah Farms is the attended loss of goodwill, opportunities and customers that have resulted and will continue to result from USDA's illegal rule." *Id.* Although Plaintiffs make a valiant effort to "milk" their anticipated financial harms for all they are worth, in the end, the harms articulated by Plaintiffs remain inherently financial. "The lost goodwill of a business operated over a short period of time is usually compensable in money damages." *DFW Metro Line Servs.*, 901 F.2d at 1269. Because any potential injury suffered by Sarah Farms could be calculated and recompensed in the form of damages, Sarah Farms did not prove a likelihood of irreparable injury if preliminary injunctive relief is denied.

Second, this Court is of the opinion that Plaintiffs have not demonstrated a "substantial likelihood" of success on the merits.[1]  Finally, Plaintiffs have failed to establish that the threatened injury to them outweighs the injury to the Government and/or the Intervenors if a preliminary injunction is issued. Consequently, for the reasons cited in Defendant's brief, Plaintiffs' motion for a preliminary injunction should be denied.

---

[1] *See, e.g.*, Def.'s Br., App. A., p. 75-99.

3

## CONCLUSION

The Court, based on the reasoning articulated herein, hereby ORDERS that the Plaintiffs' Motion for a Preliminary Injunction is **DENIED**.[2]

Dated this 30th day of March, 2006.

                                                */s/ Sam R. Cummings*
                                                SAM R. CUMMINGS
                                                UNITED STATES DISTRICT JUDGE

---

[2] Although not outcome-determinative, the Court notes that Congress recently passed the Milk Regulatory Equity Act of 2005. *See* 152 Cong. Rec. S2120 (daily ed. March 28, 2006) (statement of Speaker pro tempore Culberson) ("In the opinion of the Chair, two-thirds of those present have voted in the affirmative."). As an initial matter, it appears that if the President signs this Act into law, Plaintiffs' request for injunctive relief may very well become a moot point.

Or, as Joey Tribbiani, a character on the NBC hit television show *Friends*, so appropriately put it:

> This is all just a moo point. It's like a cow's opinion . . . it just doesn't matter. It's "moo."