IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Civil Action No.: 06-1637 (RJL) |

**OPPOSITION OF UNITED DAIRYMEN OF ARIZONA, SHAMROCK FOODS, SHAMROCK FARMS, PARKER FARMS AND DAIRY INSTITUTE OF CALIFORNIA TO PLAINTIFFS' MOTION FOR CLARIFICATION OF ORDER ON AMICI CURIAE**

United Dairymen of Arizona, Shamrock Foods, Shamrock Farms, Parker Farms and Dairy Institute of California (collectively "amici curiae") respectfully submit their memorandum in opposition to Plaintiffs' "Motion for Clarification" of the Court's January 3, 2007 order granting amici curiae's motion for leave to file a brief amicus curiae in support of the government's motion to dismiss plaintiffs' complaint.

**A.　　Plaintiffs' "Motion for Clarification" is An Untimely Attempt to Oppose Amici's Already-Granted Motion for Leave to File a Brief**

Plaintiffs' motion is actually an untimely attempt to oppose amici's motion for leave to file a brief amicus curiae, 34 days after it was granted by the Court on January 3, 2007. [Minute Order Granting Motion to File Brief Amicus Curiae, Jan. 3, 2007]. Amici's motion was electronically filed and served on December 22, 2006 (although not docketed by the clerk until

December 26). [Motion to File Brief Amicus Curiae, Dkt. # 6, at 3]. Any opposition to amici's motion was therefore due within 11 days, or no later than January 2, 2007. L.Cv.R. 7(b). Plaintiffs filed no opposition. Under Local Civil Rule 7(b), the Court may treat an unopposed motion as conceded. Indeed, the Court apparently did so on January 3.

Plaintiffs are not entitled to wait 34 days after the Court granted amici curiae's motion and 45 days after it was filed and then file an opposition in the guise of a "motion for clarification." Their motion for clarification can have no other purpose. At this point, a new "motion for clarification" of the Court's order is totally unnecessary. The Court has already granted the motion of amici curiae for leave to participate in this case. Specifically, amici's motion requested leave to file a brief in support of the motion to dismiss, to file a reply brief, and to participate in a limited fashion in oral argument. [Dkt. # 6, at 3]. Because the Court's order granted amici's motion without qualification, it can be assumed that amici were granted all of the relief they sought. It is unnecessary for the Court to revisit its Order and to rule separately on the reply brief and hearing when the Court has already granted amici the right to participate in them. Plaintiffs' motion, therefore, can have no purpose other than to attempt belatedly to oppose amici's motion after it has already been granted.

In the docket entry, the clerk has described plaintiffs' motion as a "Motion for Reconsideration." [Dkt. # 15]. Even as a motion for reconsideration, however, the motion should be treated as untimely. Although the Local Civil Rules do not refer to a motion for reconsideration of a judge's order, the time to bring a motion to reconsider a magistrate's decision is ten days. L.Cv.R. 72.2(b). Likewise, the time to bring a motion to amend or alter a judgment under the Federal Rules of Civil Procedure is ten days. Fed.R.Civ.Proc. 59(e). While ten days or even fifteen days might have been a reasonable time for plaintiffs to file a motion to

reconsider the Court's order, 34 days is simply unreasonable. Plaintiffs had ample notice of amici's intent to seek leave to file a brief, even before amici's motion was served on them. Counsel for amici contacted plaintiffs' counsel on November 22, 2006 to seek their consent to a motion for leave to file a brief. Plaintiffs' counsel stated that they would neither oppose nor consent to the motion. It is now far too late for plaintiffs to decide to file an opposition brief.

Further, plaintiffs have no grounds on which to urge the Court to reconsider its January 3 ruling. The participation of a non-party as an amicus curiae is "solely within the broad discretion of the Court." *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841, 846 (D.D.C. 1996). Plaintiffs have presented no reason why the Court should reverse itself here.

### B.  Amicus Curiae Should Be Allowed to Submit a Reply Brief and to Participate in Oral Argument

Plaintiffs argue that an amicus curiae is not a party to the action, and amici here are in full agreement. Amici are well aware of the limitations on their role and do not seek the rights of a party, such as the right to file pleadings, to conduct and compel discovery, to issue and enforce subpoenas, to request that this Court alter its schedule, or to in any manner "control" the litigation. *See U.S. v. Michigan,* 940 F.2d 143, 163-64 (6th Cir. 1991) (enumerating rights of a named party in interest). Plaintiffs assert, based on no evidence whatsoever, that amici seek the status of parties without intervening, and that they seek to take control of the litigation.[1] These

---

[1] Plaintiffs' argument appears to be solely based on a desire to obtain discovery from amicus parties. Discovery ought not even to be an issue because plaintiffs' claims relate solely to the enactment and content of the MREA. Specifically, plaintiffs assert that the MREA constitutes a bill of attainder and contains a provision that violates their due process and equal protection rights. In determining whether the requisite punitive legislative motive exists to support a claim for bill of attainder, the courts do not consider statements made by legislators who oppose the bill. *Selective Service System v. Minnesota Public Interest Research Group*, 468 U.S. 841, 855 n. 15 (1984) ("But the District Court relied in part on the statements of legislators who opposed the statute because they thought the statute punished nonregistrants. . . . These statements are entitled to little, if any, weight, since they were made by opponents of the legislation.") If legislative opponents' statements are entitled to little weight, the statements or opinions of non-legislators certainly cannot be used to establish Congress' punitive motive. No documents or evidence in the possession of amici, therefore, would be relevant in this lawsuit.

assertions are groundless. Amici have requested nothing more than the right to participate in briefing and oral argument on the government's motion to dismiss. Participation in briefing and oral argument are the "traditional role of amicus curiae." *Michigan,* 940 F.2d at 166.

Amicus briefing "should normally be allowed" when a party is not represented in an action or "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton,* 246 F. Supp.2d 59, 62 (D.D.C. 2003), *quoting Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1063 (7th Cir. 1997). As amici curiae explained in their motion for leave to file a brief, as dairy farmers, fluid milk processors, and a trade association of fluid milk processors and dairy product manufacturers who are directly affected by and interested in changes to the federal milk marketing program implemented by the Milk Regulatory Equity Act (MREA), challenged here by plaintiffs. Their perspective is not shared by either the government or plaintiffs. The fact that the government and amici share the general view that the MREA is lawful does not mean that their interests necessarily are so similar that the government could adequately represent amici's interests. *See, e.g., Natural Resources Defense Council v. Costle,* 561 F.2d 904, 912 (D.C. Cir. 1977 (although similar, government's interest was broader than more focused interest of movant to intervene). Amici's limited participation in the briefing and hearing on the motion to dismiss is certainly appropriate under relevant law.

Further, as plaintiffs have stated in their brief, amici were closely involved in the drafting and enactment of the MREA. Counsel for amici also has over 20 years of experience with the complicated federal milk marketing program, which federal courts have described as "a labyrinth", *Zuber v. Allen,* 396 U.S. 168, 172 (1969), and "an intricate complex of regulation", *Blair v. Freeman,* 370 F.2d 229, 232 (D.C. Cir.1966). The court may benefit from this

knowledge of the program, and indeed, it is routine for an amicus curiae to participate in cases dealing with the federal or state milk marketing programs.

What is more, as amici stated in their opening brief, [Dkt. # 6-1, at 17, n.7], at the time the brief was filed, no plaintiff was in the case that could properly allege the unlawfulness of Section 2(a)(M) of the MREA. Amici accordingly reserved the right to comment on that issue if and when an entity entitled to assert a claim under that paragraph actually did so. Now that plaintiffs have amended their complaint [Dkt. # 16] to add GH Dairy dba GH Processing as a plaintiff, such an entity has purportedly appeared and Section 2(a)(M) is at issue. Amici are well-positioned to provide insight on the legality of Section 2(a)(M) since the Dairy Institute of California, in particular, sought that provision.

Plaintiffs suggest that it is inappropriate for amici curiae to act as advocates. However, the quaint concept that an amicus is to be impartial is "outdated." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 131 (3rd Cir. 2002) (opinion by then-Judge Alito). There is no requirement that amici be totally disinterested; they are permitted to take a legal position and present legal arguments in support of it. *Funbus Systems, Inc. v. Calif. Public Utilities Comm'n*, 801 F.2d 1120, 1124-25 (9th Cir. 1986); *see also Michigan*, 940 F.2d at 165 (the role of an amicus curiae has evolved to include adversarial argument).

Having participated in initial briefing on the motion to dismiss, there is no reason why amici should not be allowed to continue their involvement through reply briefing and limited participation at oral argument. Such involvement is a far cry from the "litigating amicus curiae" status, in which amici participated in a case as fully as the named parties, that was struck down by the *Michigan* court. 940 F.2d at 166.

Nor will such continued involvement by amici in any way negatively affect the litigation here, as amici will comply with the same briefing schedule as the parties and will participate in the hearing to the extent permitted by the Court on the scheduled date, as they indicated in their motion. [Dkt. # 6, at 3].

### C. Conclusion

For the foregoing reasons, amici curiae respectfully request that the Court deny plaintiffs' motion for clarification and to re-state its previous order that amici are entitled to file a reply brief and to participate in oral argument.[2]

Respectfully submitted,

/s/ Charles M. English, Jr.
Charles M. English, Jr.
D.C. Bar No.: 386572
Sara Pikofsky
D.C. Bar No.: 485948
Thelen Reid Brown Raysman & Steiner LLP
701 8th Street NW
Washington, DC 20001
Telephone: 202.508.4000

February 13, 2006

*Attorneys for Amici Curiae*
*United Dairymen of Arizona, et al.*

---

[2] Amici understand that, in an apparent attempt to comply with Local Civil Rule 7(m), plaintiffs' counsel consulted with the government's counsel before filing this motion. L.Cv.R. 7(m) ("before filing any nondispositive motion . . . counsel shall discuss the anticipated motion with opposing counsel"). Although amici fully concede that they are not parties, they respectfully disagree with plaintiffs' decision and interpretation of Rule 7(m) not to consult with amici. Amici counsel clearly is "opposing counsel" for purposes of a motion arising from their participation.

6