UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS, et al., <br> Plaintiffs, <br> v. <br> UNITED STATES OF AMERICA, <br> Defendant. | Civil Action No. 06-1637 (RJL) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF JANUARY 3, 2007 ORDER**

Plaintiffs Hein Hettinga and Ellen Hettinga respectfully submit this Reply Memorandum in support of their Motion for Clarification of the Court's January 3, 2007 Order related to amici curiae.

A. **The Opposition Demonstrates the Need for Clarification of the Court's Order.**

Contrary to the suggestion of the large dairy interests, Plaintiffs do not seek belatedly to oppose the submission of their Brief Amici Curiae. (Opposition at 1-2). Indeed, Plaintiffs did not oppose the Motion, which the Court granted on January 3, 2007.

Instead, Plaintiffs' Motion requested that the Court clarify that its January 3rd Order did not grant the amici leave to file a Reply Brief and to participate in oral argument. Plaintiffs further submitted that amici were trying to obtain the rights of a party and should not be permitted to litigate as if they were a party without being required to make the showings required for intervention under Fed. R. Civ. P. 24. The Opposition demonstrates that the Request for Clarification is well-founded.

In the Motion to file their Brief, amici stated that "*Should* the Court grant the instant motion, movants *would* request permission to file a reply brief if necessary and to be allowed limited participation in the Court's discretion in the oral argument currently set for March 26, 2007." (Motion at 3) (emphasis added). To date, amici have not submitted such a Motion, and the Court has not granted them those rights. The proposed Order amici submitted with their Motion did not seek such rights, but requested only that the Court grant them "leave to file a brief amicus curiae in support of defendant's motion." [Document 6, filed Dec. 26, 2006]. Nonetheless, the Opposition claims that "[t]he Court has already granted the motion of amici curiae for leave to participate in this case . . ." Because the Court's order granted amici's motion without qualification, it can be assumed that amici were granted all of the relief they sought," including the rights to file a reply brief and participate in oral argument. (Opposition at 2).

In this way, amici improperly attempt to bootstrap a suggestion in their Motion that they would subsequently move for additional rights into a claim that the Court has already granted them such rights, even though their proposed order did not seek such authority and the Court's Order does not provide such rights.

For this reason, the issues presented by Plaintiffs' Motion are ripe for resolution.

### B.   The Court Should Deny Amici's Request To File a Reply Brief and To Participate in Oral Argument.

Contrary to the assertions in the Opposition, courts do not "normally" permit amicus curiae to file reply briefs or participate in oral argument, as a matter of course. Moreover, amici have provided no authority in support of their requests to file a Reply Brief and to participate in oral argument. The cases cited by amici for the proposition that amicus briefing "should normally be allowed" – *Cobell v. Norton*, 246 F. Supp. 2d

2

59 (D.D.C. 2003); *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062 (7th Cir. 1997) – do not mention reply briefs. (Opposition at 4). These cases deal with the filing of initial amicus curiae briefs, which courts typically allow if the prospective amicus can provide "unique information or perspective." For this reason, Plaintiffs did not object to submission of the Brief Amici Curiae. Now, the situation has changed. The large dairy interests have already provided their perspective. The arguments they now advance with respect to their purported "unique information or perspective" are inapposite with respect to the further degree of participation that they seek without having to meet the substantive standard necessary to intervene as a party.

Amici also assert that their interests and the government's interests are not "necessarily . . . so similar that the government could adequately represent amici's interests." (Opposition at 4). If this concern is real rather than hypothetical, then amici should move to intervene under Fed. R. Civ. P. 24. The sole case they cite, *Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir. 1977), is in fact a case addressing a motion to intervene. Amici further claim that in their Motion, they "reserved the right to comment" on the constitutionality of Section 2(a)(M) of the Milk Regulatory Equity Act ("MREA") and now wish to do so. (Opposition at 5). This claim confirms the point Plaintiffs made in their opening submission, that amici seek to participate in this case with the rights of a party, without subjecting themselves to the burdens of a party.

The Federal Rules of Civil Procedure do not address the participation of amici. The closest analogy is provided by Rule 29 of the Federal Rules of Appellate Procedure, which provides specific guidance on participation by amicus parties in the appellate

context. Subdivisions (f) and (g) of Rule 29 provide that an amicus may not file a reply brief or participate in oral argument without permission from the court. In particular, with regard to subdivision (f), the Advisory Committee on the Federal Rules of Appellate Procedure explained in its notes to the most recent revision that "[t]his subdivision generally prohibits the filing of a reply brief by an amicus curiae . . . The role of an amicus should not require the use of a reply brief." Fed. R. App. P. 29 Advisory Committee's Note. Accordingly, the default approach taken by the appellate courts is to disallow amici from filing reply briefs. Here, the large dairy interests have not presented any reason why this Court should depart from that approach.

    C.    **The Opposition Is Internally Contradictory in Arguing Why Discovery from Amici Would Not Be Relevant to the Claims.**

Amici cite their role in the creation of the MREA, especially that of the Dairy Institute of California which "sought" Section 2(a)(M) of the Act, as a basis for permitting them to participate fully in the briefing and arguing of the Motion to Dismiss. (Opposition at 5). On the other hand, in seeking to avoid Plaintiffs' argument that they should be required to move to intervene so that they share the duties of parties, including the obligation to provide discovery, amici assert that "[n]o documents or evidence in the possession of amici . . . would be relevant in this lawsuit." (Opposition at 3 n.1).

Evidence of what transpired in the legislative process is directly relevant to the merits of Plaintiffs' bill of attainder claim, as demonstrated by *Foretich v. United States*, 351 F.3d 1198 (D.C. Cir. 2003), and *Consolidated Edison Co. v. Pataki*, 292 F.3d 338 (2d Cir. 2002). Communications within and among the amici large dairy entities who sought to impose punitive restrictions on Plaintiffs' ability to conduct their businesses, and between the amici and the Members of Congress who acted to protect their interests,

are at a minimum likely to be relevant both to the "specificity" element of the bill of attainder claim and to the "functional" and "motivational" tests to determine if the burdens imposed on Plaintiffs by the MREA constitute forbidden legislative "punishment" within the meaning of the Bill of Attainder Clause.

Accordingly, amici's attempt to launch a preemptive strike on the discovery issue further demonstrates why, if they seek to litigate with the rights of a party, they should be required to move to intervene as a party and satisfy the standards established by Fed. R. Civ. P. 24.

## Conclusion

For the reasons set forth above and in their opening memorandum, Plaintiffs respectfully request that the Court grant their Motion for Clarification.

Respectfully submitted,

/s/ Alfred W. Ricciardi

_____
ALFRED W. RICCIARDI
(Arizona Bar No. 009547)
Hebert Schenk P.C.
4742 N. 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203

/s/ John F. Cooney

_____
JOHN F. COONEY
(D.C. Bar No. 936336)
NANCY S. BRYSON
(D.C. Bar No. 913673)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

February 20, 2007                                   Counsel for Plaintiffs