IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No.: 06-1637 (RJL) |

**OPPOSITION OF AMICI CURIAE TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT DISMISSING COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

STANDARD OF REVIEW ...............................................................................................1

ARGUMENT .....................................................................................................................4

I.      Plaintiffs fail to demonstrate that a refusal to reconsider
will result in clear error..............................................................................................4

        A.      The hypothetical upon which Plaintiffs rest their argument is not part
of the holding and therefore cannot be clear error ........................................4

        B.      Plaintiffs provide no reason why the Court erred in finding that the
MREA itself contains no requirements and must have an implementing
Order in order to have an effect ....................................................................6

        C.      Plaintiffs have not shown why this Court should not follow *Edaleen*,
the law of this Circuit, with respect to § 15(A) of the AMAA ....................7

        D.      Plaintiffs argue that *Edaleen* was wrongly decided, which is not
a basis for clear error.....................................................................................8

II.     Plaintiffs improperly use their motion for reconsideration solely as a
vehicle to present arguments that should have and could have been presented
in the first instance ....................................................................................................9

        A.      Plaintiffs knew that the hypothetical had been set forth in the very
beginning.......................................................................................................9

        B.      Plaintiffs also knew that *Edaleen* was a key case for the Defendants and
Amici from the beginning.............................................................................9

CONCLUSION.................................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Avocados Plus v. Veneman*, 370 F.3d 1243 (D.C. Cir. 2004)..............................................8

*Black v. Tomlinson*, 235 F.R.D. 532 (D.D.C. 2006)............................................................1

*John Does 1-570 v. Bush*, No. 05-313, 2007 U.S. Dist. LEXIS 49766
(D.D.C. July 11, 2007).................................................................................1, 2, 3, 10

*Jung v. Ass'n of Am. Med. Colls.*, 184 Fed. Appx. 9, 13 (D.C. Cir. 2006) ..........................1

*\*Edaleen Dairy, LLC v. Johanns*, 467 F.3d 778 (D.C. Cir. 2006) ......................................7

*Harvey v. District of Columbia*, 949 F. Supp. 878 (D.D.C. 2006) ......................................1

*Kattan v. District of Columbia*, 995 F.2d 274 (D.C. Cir. 1993) ..........................................2

*Messina v. Krakower*, 439 F.3d 755 (D.C. Cir. 2006)..........................................................1

*National Association of Home Builders v. Defenders of Wildlife*,
127 S.Ct. 2518 (2007)................................................................................................2

*Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23 (D.D.C. 2001)..........................1, 2, 3

## FEDERAL STATUTES

7 C.F.R. § 1000.26(a).............................................................................................................5

7 C.F.R. § 1000.26(b) ............................................................................................................6

7 U.S.C. § 608(c) ...................................................................................................................6

62 Fed. Reg. 41810, 41812 ....................................................................................................5

60 Fed. Reg. 55179 ................................................................................................................5

Milk Regulatory Equity Act of 2006, Pub. L. No. 109-215, 120 Stat. 328 ..........................2

5 U.S.C. § 553(d) ...................................................................................................................5

Amici Curiae United Dairymen of Arizona, Shamrock Foods, Shamrock Farms, Parker Farms and Dairy Institute of California, (collectively "Amici") by and through counsel, submit the following opposition to plaintiffs' Rule 59(e) motion to alter the judgment.

## STANDARD OF REVIEW

A Rule 59(e) motion is discretionary[1] and need not be granted unless the district court finds (a) an intervening change of controlling law, (b) the availability of new evidence, (c) the need to correct a clear error, or (d) the need to prevent manifest injustice. *John Does 1-570 v. Bush*, No. 05-313, 2007 U.S. Dist. LEXIS 49766, at *2 - *3 (D.D.C. July 11, 2007) citing *Messina v. Krakower*, 439 F.3d 755, 758-59 (D.C. Cir. 2006). Because of this high threshold, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted." *Does 1-570*, 2007 U.S. Dist. LEXIS 49766, at *3, citing *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). Courts generally disfavor motions under Fed. R. Civ. P. 59(e) and "relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001); *see also Jung v. Ass'n of Am. Med. Colls.*, 184 Fed. Appx. 9, 13 (D.C. Cir. 2006) (noting "the high standard for relief under Rule 59(e)"). Rearguing issues already addressed by the Court does not suffice to merit reconsideration. The courts have made clear that motions pursuant to Federal Rule 59(e) are not "a second opportunity to present argument upon which the Court has already ruled…." *Black v. Tomlinson*, 235 F.R.D. 532, 534 (D.D.C. 2006).

Plaintiffs' motion boils down to two arguments: that the court committed clear error in relying on a supposed hypothetical found in the brief of Amici; and that the court committed another clear error in following *Edaleen v. Johanns* instead of *Avocados Plus v. Veneman* in

---

[1] The district court has substantial discretion in ruling on a Rule 59(e) motion and will only be overturned for abuse of discretion. *Id.*

1

determining that plaintiffs must exhaust their administrative remedies as provided by § 15(A) of the Agricultural Marketing Agreement Act ("AMAA").  Neither of these assertions rise to the level of clear error and neither should be considered by this Court as plaintiffs simply reargue issues that they either brought up previously or should have brought up.  The law in this Circuit clearly provides that "Rule 59(e) motions should not be granted if the court suspects that the losing party is using the motion as an instrument for arguing the same theory or asserting new arguments that could have been raised prior to final judgment."  *Does 1-570*, 2007 U.S. Dist. LEXIS 49766, at *3; *see also Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Even if the Court were to reconsider its decision with respect to the implementation of the Milk Regulatory Equity Act of 2006, Pub. L. No. 109-215, 120 Stat. 328 (April 11, 2006) (the "MREA") and the exhaustion requirement, it would not automatically resolve the underlying motion to dismiss in Plaintiffs' favor.  Rather the court would simply acknowledge jurisdiction and then have to proceed to adjudicate the other substantive constitutional issues raised by the motion to dismiss: whether the MREA functions as an illegal bill of attainder; whether the MREA violates the equal protection clause; and whether the MREA violates due process.

While Plaintiffs' motion rests almost entirely on arguments that the court must correct clear errors, Plaintiffs also throw in buzz words to make it appear that they have multiple bases for their motion.  Plaintiffs mention intervening law not available to the Court when it heard argument in their discussions of *Nat'l Assoc. of Home Builders v. Defenders of Wildlife*, 127 S.Ct. 2518 (2007).  In order to receive reconsideration based on intervening law, the moving party must demonstrate that something in the law has actually changed.  *See e.g., Niedermeier*, 153 F. Supp. 2d at 29 ("The Court would first note that neither of these cases is new law and thus plaintiff's attempt to raise this argument post-judgment is not a sufficient ground for

2

reconsideration."). While the Supreme Court recently decided *Home Builders*, the decision adds nothing to the existing jurisprudence. It is simply not sufficient to bring up a legal theory that existed before final judgment but may not have been obvious to the movant before final judgment. *Id.*

Contrary to the requirements for a motion to reconsider, Plaintiffs never explain what new legal principle *Home Builders* provides; Amici contend that it is irrelevant in the circumstances regardless because the agency had and continues to have discretion regarding continuation and terms and conditions underlying the Order. Instead, Plaintiffs undermine any potential significance of their own point by citing a 2004 Supreme Court case, *Public Citizen*, (Mot. at 9 or 10) for the exact same proposition, confirming that *Home Builders* fails to provide a basis for reconsideration.

Plaintiffs also mention manifest injustice but fail to explain why this alleged injustice rises to the level of meriting reconsideration. Mot. at 16-17. The injustice complained of, that plaintiffs would be wasting time and resources on a futile mission were they to pursue their administrative remedies, is a result of this Court following the precedent set by a decades old Supreme Court decision as well as the controlling law of this Circuit, and is not imposed by any discretion exercised by this Court in rendering its decision on the motion to dismiss. Like the arguments of plaintiffs in the *John Does 1-570* case, the Hettingas' half-hearted assertion of manifest injustice lacks any support other than that the Hettingas' dislike of the outcome and thus cannot serve as a basis for altering the judgment of this court. 2007 U.S. Dist. LEXIS 49766, at *6 ("[N]owhere does Counsel address why the Court's legal ruling that Counsel does not have standing to litigate claims on behalf of 'John Does 1-570' is somehow unjustly contrary to law.").

**ARGUMENT**

I.      **Plaintiffs fail to demonstrate that a refusal to reconsider will result in clear error.**

    A.      **The hypothetical upon which Plaintiffs rest their argument is not part of the holding and therefore cannot be clear error.**

Plaintiffs repeatedly misrepresent the decision of this Court. Plaintiffs allege that this Court based its holding that exhaustion was necessary on a hypothetical posed by Amici that the Secretary could have terminated the Arizona-Las Vegas order rather than reissue it with amendments pursuant to the MREA. Mot. at 1 (dismissed "solely" on basis of hypothetical); 2 (erred because hypothetical adverse to complaint); 4 (court relied on hypothetical); and 10 (court erred in accepting the hypothetical argument). Nothing could be further from the truth. This Court clearly based its holding on the fact that the MREA has no effect without an order by the Secretary of Agriculture. "The MREA itself contains no requirement that plaintiffs must pay into the pricing pool, rather, the MREA requires an order by the Secretary to be effective." Memo Opp'n. at 6. Based on that underpinning the Court squarely held that "Accordingly, because the MREA cannot be implemented as to plaintiffs without an order by the Secretary, any challenge to the validity of the MREA is essentially a challenge to that order by the Secretary, and, therefore, the mandatory exhaustion requirement of Section 15(A) applies." *Id.* at 6-7.

In *John Does 1-570*, the court made clear that a party's mischaracterization of a court's final judgment cannot serve as a basis for establishing a clear error. Since the mischaracterization of the court's ruling meant that the movant failed to directly address the actual holding of the court, the court concluded that the 59(e) motion could not be sustained on the basis of clear error. 2007 U.S. Dist. LEXIS 49766, at *4 -*5 . Whether or not the court erred in accepting the hypothetical does not matter. Based on the language of the court opinion,

the hypothetical has no bearing on the outcome of the case and cannot provide the basis for a clear error subject to reconsideration.

Plaintiffs err when they claim that the hypothetical lacks merit. The claim that the Secretary could not have acted before the MREA became effective is based on the Plaintiffs' manifest misunderstanding of the dairy program.

> The notion that the Secretary could have abolished the Arizona-Las Vegas order before harm was inflicted on plaintiffs on May 1, 2006 was a figment of amici's imagination….Given the substantive showing and the statutory restrictions that the Secretary would have had to satisfy in order to abolish the … order, there is not even a "hypothetical" possibility that the Secrcretary could have take these steps….

Mot. at 11.

Title 5 U.S.C. § 553(d)(3) expressly provides for giving less than 30 days notice for a change in a regulation (just as the regulation actually adopted is subject to prompt implementation). By rule, the provisions of any order are only effective until the Secretary says they are suspended or terminated. 7 C.F.R. § 1000.26(a) (2007) Nothing in that rule further limits the timing of deciding or implementation of a suspension or termination. *Id*. In fact, while for admittedly different reasons, the Secretary has both terminated an entire milk marketing Order upon 2 days notice in the Federal Register (4 days after termination signed), 60 Fed. Reg. 55179 (October 30, 1995) (terminating Paducah Order because sole handler on that order had become regulated on another order) and suspended critical provisions of another order retroactive 4 days before publication, 62 Fed. Reg. 41810, 41812 (August 4, 1997) (continuing a prior suspension of those provisions, but not informing industry until after the beginning of the month that suspension was re-announced). This is hardly the imagination of Amici, but cold hard precedent. The Secretary has an ongoing and perennial statutory demand that he "shall … terminate or suspend the operation of such order or provision thereof" if the order no longer meets the declared purpose of

5

the entire AMAA. 7 U.S.C. § 608(c)(16)(A); see also 7 C.F.R. § 1000.26(b) (2007). In effect, the Secretary in deciding not to suspend or terminate the Order during and after the period for which the MREA was enacted, has concluded, using his limited, but existing, discretionary powers to continue the Order that is challenged. That continuation of the Order with all of the provisions (including the provision for minimum prices and pooling to which Plaintiffs actually object) is a Secretarial function challengeable under Section 15(a). Nothing can change that element of Plaintiffs' claim regardless of how many angels they claim are dancing on the head of the pin.

Even if plaintiffs were correct that the MREA is mandatory[2] and that the Secretary did not have the hypothetical ability to terminate the order, that in no way affects the Court's finding that the MREA requires an order by the Secretary to be effective. As long as there is an order, plaintiffs must exhaust their administrative remedies as required by § 15(A). While plaintiffs continually assert that they are mounting a facial challenge to the MREA rather than a challenge to the Arizona milk marketing order, this is simply creative pleading on plaintiffs' part in an attempt to avoid the mandatory exhaustion requirement imposed by § 15(A). Regardless of how the Court views the role of the hypothetical in informing its decision, the hypothetical cannot be the basis for clear error.

**B.    Plaintiffs provide no reason why the Court erred in finding that the MREA itself contains no requirements and must have an implementing order in order to have an effect.**

---

[2] Plaintiffs argue at length that the recent Supreme Court decision in *Home Builders* demonstrates that the Court erred in finding that the Secretary had any discretion in implementing the MREA. The portion of *Home Builders* quoted by Plaintiffs bears no relevance to that issue as it is neither holding nor dicta but rather an explanation of a statutory interpretation. Mot. at 8. It also bears no relevance on the issues before this Court as the Court based its decision on the fact that the Secretary issued an order to effectuate the MREA. Whether the MREA mandated the issuance of a revised Arizona marketing order or simply permitted it does not change the fact that an order issued and that Plaintiffs are effectively challenging that order issued under the amended AMAA.

Not only do Plaintiffs argue that a noncritical part of the Court's decision is cause for reconsideration, they simultaneously fail to address the real crux of the Court's holding. As explained above, the Court based its decision on the understanding that without an order, the MREA is essentially toothless. Plaintiffs offer nothing to contradict this premise. As Plaintiffs do not request that this Court reconsider the key to its holding, even if the Court were to reconsider tangential issues with respect to the hypothetical, reconsideration would not change the ultimate outcome.

  **C. Plaintiffs have not shown why this Court should not follow *Edaleen*, the law of this Circuit, with respect to § 15(A) of the AMAA.**

Plaintiffs' misrepresent the law of this Circuit when they assert that it was clear error for this Court to hold that this Circuit requires a handler to exhaust administrative remedies. The D.C. Circuit could not have been more clear in requiring exhaustion than it was in the *Edaleen* decision where the Court explicitly stated that "we hold that the AMAA's administrative appeal process is a *mandatory* procedure that handlers must follow. . . ." *Edaleen Dairy, LLC v. Johanns*, 467 F.3d 778, 785 (D.C. Cir. 2006) (emphasis in original). Given this explicit language, the mind boggles at Plaintiffs' assertion that exhaustion is not required.

Plaintiffs offer no explanation as to why *Edaleen* does not control other than to attempt a distinction based on procedural posture. Plaintiffs seem to argue that while the Edaleen holding may apply when a producer-handler is challenging a clear marketing order, the *Avocados Plus* analysis should apply to the instant case. Plaintiffs' rationale for the alleged distinction in procedural posture remains somewhat opaque. Plaintiffs appear to advocate the position that the exhaustion provision of the AMAA should be treated differently in different situations – a position that results in unacceptably inconsistent application of § 15(A). In other words, to apply

7

*Avocados Plus* to some analyses of § 15(A) of the AMAA and to apply *Edaleen* in others as Plaintiffs suggest would simply lead to an inconsistent body of law. The AMAA either requires exhaustion or it doesn't. Plaintiffs' futile and untimely attempts to distinguish *Edaleen* from the case at bar should be rejected by this Court.

   **D.**  **Plaintiffs argue that *Edaleen* was wrongly decided, which is not a basis for clear error.**

   Plaintiffs' motion challenges the rationale of the *Edaleen* decision, asserting that the *Edaleen* court did not properly analyze the AMAA to determine the nature of the exhaustion provision as required by *Avocados Plus*. Regardless of the merit of Plaintiffs' assertion, which Amici debate, whether the *Edaleen* court came to its decision using the appropriate rationale has no relevance to whether this Court correctly applied *Edaleen*. *Edaleen* is the law of this Circuit with respect to the AMAA and this Court applied *Edaleen* to the case at bar which involves the AMAA. No reason exists why the Court's decision could possibly rise to the level of clear error. Memo Op. at 7 ("The Edaleen court explicitly held that the exhaustion of administrative remedies required by the AMAA is mandatory and cannot be excused."). Unfortunately for Plaintiffs, overturning a well-thought out D.C. Circuit decision cannot be accomplished by either Plaintiffs or this Court and this Court committed no error in applying *Edaleen*.

   Plaintiffs advocate for application of *Avocados Plus* for no other reason than that it better serves their purposes. Plaintiffs' reliance on *Avocados Plus* appears particularly egregious given the language in that decision clarifying that no comparisons may be drawn between the Avocado Act and the AMAA. *Avocados Plus v. Veneman*, 370 F.3d 1243, 1249 (D.C. Cir. 2004) ("One therefore cannot conclude much of anything about exhaustion from the apparent fact that Congress decided to use the language of the AMAA review provisions as a model for the

8

Avocado Act."). Plaintiffs offer no explanation as to why this Court should ignore the dictate of the D.C. Circuit and apply *Avocados Plus* to a case involving the AMAA. As *Edaleen* addressed the AMAA head on and as the instant case involves the AMAA, not the Avocado Act, Plaintiffs provide no valid reason why *Avocados Plus* should apply rather than *Edaleen*.

**II.     Plaintiffs improperly use their motion for reconsideration solely as a vehicle to present arguments that should have and could have been presented in the first instance.**

**A.     Plaintiffs knew that the hypothetical had been set forth in the very beginning.**

Amici raised the hypothetical in their opening brief. Brief of Amici Curiae in Support of Def.'s Motion to Dismiss at 7. Plaintiffs chose to respond to the hypothetical in a footnote in their opposition brief. Opp'n. at 44, fn. 14. Plaintiffs also addressed the general issue of whether the Secretary of Agriculture had any discretion in implementing the MREA at oral arguments. Tr. at 29 ("The department is required to do that. The department can't change it. They can't amend it. They can't decide that it was wrong.") and 33 (same generally). Based on Plaintiffs' responses to the hypothetical, they cannot claim their arguments in their motion for reconsideration are new.[3] Because a motion for reconsideration may not be a vehicle for a losing party to reargue issues previously before the court, this Court must deny Plaintiffs' motion.

**B.     Plaintiffs also knew that *Edaleen* was a key case for the Defendants and Amici from the beginning.**

Plaintiffs offered a cursory discussion of *Avocados Plus* in their opposition to defendant's motion to dismiss and to Amici's briefs in support of defendant but did not present any of the

---

[3] Plaintiffs also argue in passing that supplemental argument should be allowed when an issue is not fully developed. Opp'n at 5. Based on Plaintiffs' slipshod attempts to address the issues previously, they clearly bear responsibility for any lack of full development. Plaintiffs also complain without supporting argument that the court was given a distorted picture of the MREA and AMAA. *Id.* Plaintiffs already had the opportunity to present the court with their view of those statutes and cannot reargue now what they failed to accomplish before.

9

arguments that they now raise. Plaintiffs also raised *Avocados Plus* generally during the hearing on the motion to dismiss but again offered none of the arguments they now press. Trans. 24, 25, 37. Instead, after announcing at oral argument that "What I will end up doing is arguing some other points that may not have been elucidated in those briefs" Plaintiffs chose to focus on whether the MREA was a bill of attainder, offering nothing further on exhaustion. Tr. at 38. Plaintiffs must live with the record they created and cannot now attempt a second bite at the apple. This Court must reject Plaintiffs' efforts to relitigate issues that they had already laid to rest.

## CONCLUSION

Plaintiffs ask this Court to do the same thing as the requested by the plaintiffs in *John Does-* simply alter a judgment to accommodate the desires of the party seeking reconsideration even if the law is to the contrary. *Does I-570,* 2007 U.S. Dist. LEXIS 49766, at *6. Amici respectfully request that this Court reach the same conclusion and deny Plaintiffs' motion.

Respectfully submitted,

/s/ Charles M. English, Jr.
Charles M. English, Jr.
D.C. Bar No.: 386572
Sara Pikofsky
D.C. Bar No.: 485948
Thelen Reid Brown Raysman & Steiner LLP
701 8th Street NW
Washington, DC  20001
Telephone:   202.508.4000

August 27, 2007

*Attorneys for Amici Curiae
        United Dairymen of Arizona, et al*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No.:  06-1637 (RJL) |

**[PROPOSED] ORDER**

Having reviewed Plaintiff's Motion to Alter or Amend Judgment Dismissing Complaint, as well as Oppositions from Defendant and Amici, the Motion to Alter the Judgment is hereby DENIED.

So ordered this _____ day of _____ 200__.

_____
Richard J. Leon
United States District Judge