UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| **HEIN HETTINGA AND ELLEN** | ) | |
| **HETTINGA d/b/a SARAH FARMS et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 06-1637 (RJL)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO
ALTER OR AMEND JUDGMENT DISMISSING THE COMPLAINT**

**INTRODUCTION**

Plaintiffs' Rule 59(e) motion seeks the extraordinary remedy of reconsideration of a final judgment, and it should be denied because the Court's July 31, 2007 Memorandum Opinion (Docket #24) and Judgment (Docket #25) were correct. Plaintiffs' underlying challenge in the litigation is to subsections (M) and (N) of 7 U.S.C § 608c(5), as added by Section 2(a) of the Milk Regulatory Equity Act of 2006, Pub. L. No. 109-215, 120 Stat. 328 (Apr. 11, 2006) (the "MREA"). These subsections subject plaintiffs to the minimum and uniform price requirements of the federal milk marketing order (Order 131) in which their operations are based. See 7 U.S.C § 608c(5)(M)-(N). Because plaintiffs' action thus relates to obligations imposed in connection with a federal milk marketing order, it is governed by the mandatory exhaustion requirement of section 15(A) of the Agricultural Marketing Agreement Act of 1937 (the "AMAA"), see 7 U.S.C. § 608c(15)(A), as this Court correctly concluded. Such a holding is in full accord with binding Supreme Court and D.C. Circuit decisions, which have clearly articulated the mandatory nature of section 15(A) exhaustion. See United States v. Ruzicka, 329

U.S. 287, 294 (1946); <u>Edaleen Dairy, LLC v. Johanns</u>, 467 F.3d 778, 785 (D.C. Cir. 2006).

Therefore, there is no reason for the Court to reconsider or otherwise alter or amend its dismissal

of plaintiffs' action.

<strong>ARGUMENT</strong>

**The Court's Ruling Was Correct, and Rule 59(e) Relief from Judgment Is Inappropriate Here.**

**A.     The Rule 59(e) Standard.**

Motions for relief from judgment under Rule 59(e) are disfavored and granted only in

extraordinary circumstances.  <u>See</u> <u>Public Citizen, Inc. v. Mineta</u>, 444 F. Supp. 2d 12, 15 (D.D.C.

2006); <u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  The law

of this Circuit is that a Rule 59(e) motion will not be granted unless there is (i) a change in

controlling law; (ii) new evidence not available previously; or (iii) the need to correct a clear

error or prevent manifest injustice.  <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996)

(quoting <u>Nat'l Trust v. Dep't of State</u>, 834 F. Supp. 453, 455 (D.D.C. 1993)); <u>Public Citizen</u>,

444 F. Supp. 2d at 15-16.

Courts have also identified several situations where Rule 59(e) relief is not appropriate.

For example, a Rule 59(e) motion is not "an opportunity to reargue facts and theories upon which

a court has already ruled."  <u>New York v. United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995).  Nor

is it a means to raise "theories or arguments that could have been advanced earlier."  <u>W.C. &</u>

<u>A.N. Miller Cos. v. United States</u>, 173 F.R.D. 1, 3 (D.D.C. 1997), <u>aff'd sub nom.</u> <u>Hicks v. United</u>

<u>States</u>, 1999 WL 414253 (D.C. Cir. May 17, 1999); <u>see also</u> <u>Piper v. U.S. Dep't of Justice</u>, 312 F.

Supp. 2d 17, 22 (D.D.C. 2004) ("As a general proposition, Rule 59(e) motions are not granted

when losing parties enlist the motion to make new arguments that could have been raised prior to

2

final judgment.").

## B.    The Court's Ruling Requiring Administrative Exhaustion Was Correct.

The Court was correct to conclude that plaintiffs' action should be dismissed for failure to exhaust administrative procedures.  There is no flaw in the Court's holding that administrative exhaustion is statutorily required here because plaintiffs are challenging "'obligations imposed in connection' with a milk marketing order brought on by the enactment of subsections (M) and (N)."  Slip. Op. at 6 (Docket #24).  By its terms, section 15(A) applies to milk handlers regulated by federal milk marketing orders who claim that "any such order or any provision of any such order *or any obligation imposed in connection therewith* is not in accordance with law" and therefore wish "to be exempted therefrom."  7 U.S.C. § 608c(15)(A) (emphasis added).  Case law has consistently held that the availability of the section 15(A) administrative remedy creates a mandatory requirement that must be met before a handler may initiate suit challenging a provision of, or an obligation imposed in connection with, a milk marketing order.  United States v. Ruzicka, 329 U.S. 287, 294 (1946) ("And so Congress has provided that the remedy in the first instance must be sought from the Secretary of Agriculture."); Edaleen Dairy, LLC v. Johanns, 467 F.3d 778, 785 (D.C. Cir. 2006) ("Consistent with this long line of cases, we hold that the AMAA's administrative appeal process is a *mandatory* procedure that handlers must follow prior to seeking judicial review of a milk marketing order."); Hershey Foods Corp. v. Dep't of Agric., 293 F.3d 520, 526-27 (D.C. Cir. 2002) (upholding dismissal of case where plaintiff did not exhaust the section 15(A) remedies).

Plaintiffs' challenge to the validity of subsections (M) and (N) and their prayer for an injunction against the statutes' application take issue with "obligations imposed in connection" with a federal milk marketing order and seek "to be exempted therefrom."  The plain language of

the statutes makes clear that subsections (M) and (N) do not themselves establish any pooling obligations on plaintiffs; rather, they provide that plaintiffs shall be subject to the minimum and uniform price requirements that Order 131 imposes on all other regulated handlers of milk.  See 7 U.S.C. § 608e(5)(M)(i), (N); see also, e.g., 7 C.F.R. § 1131.71 (providing for handler payments into the settlement fund for Order 131).

Thus, as the Court correctly concluded, plaintiffs' challenge to subsections (M) and (N) is a dispute with respect to an obligation imposed in connection with a federal milk marketing order, and it is subject to the section 15(A) exhaustion requirement.

**C.    None of the Extraordinary Circumstances Required for Rule 59(e) Relief Are Present Here.**

Because the Court correctly decided this case, the analysis could stop with the preceding section.  Nonetheless, plaintiffs' motion should also be denied because the extraordinary circumstances required for Rule 59(e) relief are not present here.

**1.    There Is No Basis in New "Controlling Law" to Grant Relief from Judgment Here.**

The only new law that plaintiffs identify – the Supreme Court's decision in National Association of Home Builders v. Defenders of Wildlife, 127 S.Ct. 2518 (2007) (see Pls.' Mem. at 3-4, 8-9) – is not "controlling law," and thus cannot provide a basis for Rule 59(e) relief.  That case did not involve milk marketing.  Nor did it involve the MREA, section 15(A) exhaustion, or exhaustion of any sort.  Rather, it was a resolution of a conflict between seemingly irreconcilable legislative commands from the Clean Water Act of 1972 and the Endangered Species Act.  See Home Builders, 127 S.Ct. at 2531.  The present litigation does not involve either of those statutes, nor does it pertain to a statutory conflict of any sort.  Rather, only one statute is at issue here, 7 U.S.C. § 608c(15)(A), which Home Builders did not address.  In short, nothing about the

4

<u>Home Builders</u> decision controls issues in this litigation, therefore it cannot provide a basis for overturning the Court's July 31, 2007 judgment.  Rather, the controlling law here is provided by the <u>Ruzicka</u> and <u>Edaleen Dairy</u> decisions, which hold that exhaustion under section 15(A) is mandatory.  <u>See Ruzicka</u>, 329 U.S. at 294; <u>Edaleen Dairy</u>, 467 F.3d at 785.

Even if the <u>Home Builders</u> decision were in some way relevant, it is inappropriate for plaintiffs to rely on it now for their Rule 59(e) motion.  The <u>Home Builders</u> decision was issued on June 25, 2007, over a month before this Court dismissed plaintiffs' lawsuit on July 31, 2007.  For that reason, plaintiffs had both "the time and the opportunity" to advise the Court of any perceived relevance of the <u>Home Builders</u> decision, but did not do so.  <u>Jung v. Ass'n of Am. Med. Colls.</u>, 226 F.R.D. 7, 9 (D.D.C. 2005).  By failing to do so, the stringent standard of Rule 59(e) precludes plaintiffs from relying on <u>Home Builders</u> now – even if it were in some way controlling of this dispute.  <u>See id.</u>; <u>Piper</u>, 312 F. Supp. 2d at 22; <u>W.C. & A.N. Miller</u>, 173 F.R.D. at 3.

**2.      Plaintiffs Do Not Seek Recovery on the Basis of New Evidence.**

Plaintiffs do not attempt to seek Rule 59(e) relief due to new evidence, nor do they identify any new allegation or other factual development.  Consequently, Rule 59(e) relief cannot be awarded here on the basis of new evidence.

**3.      There Is No Need to Correct a Clear Error or Prevent Manifest Injustice.**

**a.      The Court's Decision Does Not Contain Any Clear Error.**

Plaintiffs make essentially two clear error challenges: (i) that the Court incorrectly reasoned, through a hypothetical, that the MREA gives USDA discretion to implement its terms (Pls.' Mem. at 5-12) and (ii) that the <u>Ruzicka</u> and <u>Edaleen Dairy</u> decisions should not control here (Pls.' Mem. at 12-16).  Both of these arguments fail.

5

At the outset, clear error under Rule 59(e) is a "very exacting standard" in which a court must have a "clear conviction of error." <u>Lightfoot v. District of Columbia</u>, 355 F. Supp. 2d 414, 422 (D.D.C. 2005). Put succinctly, the Court's prior ruling must be "dead wrong" to constitute clear error. <u>See id.</u>; <u>Piper</u>, 312 F. Supp. 2d at 21; <u>see also</u> <u>Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.</u>, 866 F.2d 228, 233 (7th Cir. 1988) (explaining that to be clearly erroneous, a decision must strike the court "as wrong with the force of a five-week-old unrefrigerated dead fish").

Plaintiffs first argue that portions of the MREA leave USDA without discretion as to its terms. This is an irrelevant point because the Court never held otherwise. (The Court's hypothetical example dealt with the Secretary's discretion with respect to the termination of Order 131, not with respect to the terms of the MREA, <u>see</u> Slip Op. at 6.) More critically, this contention does not touch upon the cental premise of the Court's decision – that plaintiffs' challenge involves obligations imposed in connection with a federal milk marketing order and is thus subject to mandatory exhaustion. <u>See</u> Slip Op. at 6. Plaintiffs' tangential argument premised on a holding that the Court did not make cannot suffice for clear error.

In furtherance of their argument, plaintiffs also attack the Court's use of an explanatory hypothetical, related to USDA's ability to terminate Order 131. <u>See</u> Slip Op. at 6. Yet, plaintiffs cite to no point of law forbidding courts from using an explanatory hypothetical. To the contrary, it is fully permissible for courts to explain their reasoning through a hypothetical example, particularly in complex cases. <u>See, e.g.,</u> <u>Walker Int'l Holdings Ltd. v. Republic of Congo</u>, 395 F.3d 229, 236-37 (5th Cir. 2004) (referencing with approval another court's hypothetical example to explain a point of international law); <u>United States v. Smith</u>, 155 F.3d 1051, 1059 (9th Cir. 1998) (posing a hypothetical scenario as a statutory interpretation device); <u>Entm't Research Group, Inc. v. Genesis Creative Group, Inc.</u>, 122 F.3d 1211, 1222 (9th Cir. 1997)

(using a hypothetical to explain derivative copyright liability); <u>Ala. Power Co. v. Fed. Energy Regulatory Comm'n</u>, 993 F.2d 1557, 1560 n.1 (D.C. Cir. 1993) (using hypothetical arithmetic to demonstrate different utility transmission rate methodologies); <u>Stew Leonard's v. Glickman</u>, 199 F.R.D. 48, 50 (D. Conn. 2001) (providing a hypothetical example to demonstrate the weighted average calculation for classes of milk prices).  The Court's hypothetical was merely a means of explaining that the pooling obligations are imposed in connection with a federal milk marketing order because without the pooling obligations in Order 131, plaintiffs would have no such obligations – regardless of the MREA.  Plaintiffs' criticism of the Court's permissible mode of explanation, instead of the Court's holding, does not come close to satisfying the standard for clear error.

Plaintiffs' next "clear error" challenge re-argues that exhaustion is not a mandatory requirement in this case.  (Pls.' Mem. at 12-17.)  Plaintiffs are essentially petitioning this Court to deviate from the unbroken line of precedent from <u>Ruzicka</u> to <u>Edaleen Dairy</u>, which holds that section 15(A) exhaustion is mandatory.  <u>See</u> <u>Ruzicka</u>, 329 U.S. at 294 (requiring exhaustion for constitutional claims); <u>Edaleen Dairy</u>, 467 F.3d at 785; <u>Hershey Foods</u>, 293 F.3d at 526-27.  Plaintiffs' arguments were (or could have been) raised before (<u>see</u> Pls.' Mem. in Opp. to Dismissal at 43-45 (Docket #14)), and are nothing more than a prohibited "rehash" of the arguments previously before the Court.  <u>See</u> <u>New York v. United States</u>, 880 F. Supp. 37, 39 (D.D.C. 1995).

More specifically, there was no clear error with respect to the application of <u>Ruzicka</u> and <u>Edaleen Dairy</u> instead of <u>Avocados Plus</u>.  <u>Edaleen Dairy</u> was decided later in time and specifically concluded – consistent with <u>Ruzicka</u> – that section 15(A) exhaustion is mandatory. <u>See</u> <u>Edaleen Dairy, LLC v. Johanns</u>, 467 F.3d 778, 785 (D.C. Cir. 2006) ("Consistent with this

7

long line of cases, we hold that the AMAA's administrative appeal process is a *mandatory*
procedure that handlers must follow prior to seeking judicial review of a milk marketing order.").
In contrast, Avocados Plus was a case involving the Avocado Act, and it did not make a holding
with respect to the AMAA, let alone section 15(A).  See Avocados Plus Inc. v. Veneman,
370 F.3d 1243, 1246 (D.C. Cir. 2004).  Indeed, to the extent that Avocados Plus discussed
exhaustion under section 15(A), it noted that section 15(A) exhaustion is mandatory.  Id. at 1248-
49 ("In Ruzicka, the Supreme Court ruled that milk handlers challenging marketing orders issued
pursuant to the [AMAA] must exhaust administrative remedies before coming to court.").

      Plaintiffs maintain that because the "doctrinal framework for consideration of
administrative exhaustion clauses has changed since the decision in Ruzicka," this Court should
disregard both Ruzicka and Edaleen Dairy and hold that exhaustion under section 15(a) is not
mandatory.  (Pls.' Mem. at 14-16.)  Plaintiffs are in essence arguing that Ruzicka and Edaleen
Dairy have been implicitly overruled.  This argument deserves no weight.  In Agostini v. Felton,
the Supreme Court stressed that lower federal courts should not "conclude [that the Supreme
Court's] more recent cases have by implication overruled an earlier precedent."  521 U.S. 203,
237 (1997).  The Supreme Court reaffirmed that "'[i]f a precedent of this Court has direct
application in a case, yet appears to rest on reasons rejected in some other line of decisions, the
[lower courts] should follow the case which directly controls, leaving to this Court the
prerogative of overruling its own decisions.'"  Id. (quoting Rodriguez de Quijas v. Shearson /
American Express, Inc., 490 U.S. 477, 484 (1989)); see also United States v. Torres, 115 F.3d
1033, 1036 (D.C. Cir. 1997) ("[D]istrict judges . . . are obligated to follow controlling circuit
precedent until either [the court of appeals], sitting en banc, or the Supreme Court, overrule[s]
it.").  Ruzicka and Edaleen Dairy – cases dealing with exhaustion under section 15(a) – speak

directly to the mandatory nature of section 15(A) exhaustion and must be recognized as controlling notwithstanding any argument by plaintiffs that "the logic of <u>Avocados Plus,</u>" would lead to a different result than the one reached in those cases.  (Pls.' Mem. at 16.)  Accordingly, plaintiffs' argument fares no better the second time around.

      Plaintiffs also contend that <u>Edaleen Dairy</u> should not control due to "procedural" differences, apparently between a challenge to a statute and a challenge to a regulation.  (Pls.' Mem. at 12.)  Tellingly, the text of section 15(A) makes no such distinction.  <u>See</u> 7 U.S.C. § 608c(15)(A).  Rather, it requires exhaustion for challenges to obligations imposed "in connection with" federal milk marketing orders – regardless of whether those obligations arise from a statute or a regulation or otherwise.  Thus, as with plaintiffs' other efforts, this argument falls well short of proving that the Court's decision was "dead wrong."

      **b.      The Court's Ruling Is Not Manifestly Unjust.**

      The Court's holding that plaintiffs must engage in administrative exhaustion under section 15(A) is fair and in accordance with the law.  First, the ruling upholds the federal regulatory scheme, which requires administrative exhaustion in a complex regulatory area in which USDA's expertise has long been recognized.  <u>See</u> <u>Lansing Dairy, Inc. v. Espy</u>, 39 F.3d 1339, 1344 (6th Cir. 1994) (describing the system established by the AMAA to regulate the sale of milk as "labyrinthine" in complexity), <u>Blair v. Freeman</u>, 370 F.2d 229, 232 (D.C. Cir. 1966) ("A court's deference to administrative expertise rises to zenith in connection with the intricate complex of regulation of milk marketing.").  Second, the Court's ruling does not deny plaintiffs their day in court.  Rather, the Court's ruling simply requires plaintiffs to engage in section 15(A) exhaustion before filing suit.

      Plaintiffs' claims of manifest injustice are nothing more than opposing policy arguments,

which cannot overcome the force of a federal statute.  Plaintiffs argue that administrative

exhaustion is manifestly unjust because USDA cannot give them the requested relief and because

USDA has its hands tied by Congress with respect to the MREA.  (Pls.' Mem. at 16-17.)

Unfortunately for plaintiffs, the exhaustion requirement of section 15(A), as upheld by an

unbroken lines of cases, takes precedence over plaintiffs' policy concerns.  As explained by a

court in this district, it is not correct to "interpret the prevention of 'manifest injustice' . . . under

Rule 59(e) as authorizing the Court to simply ignore the law."  <u>Does 1-570 v. Bush</u>, No. 05-313,

2007 WL 2007614 (D.D.C. July 11, 2007).

      Moreover, there are sound policy reasons for requiring administrative exhaustion in cases

such as this, where constitutional issues are raised.  Because many of these disputes are likely to

involve issues within the Secretary's authority to resolve, a decision on any of those issues could

moot any constitutional questions or at least narrow the legal issues before a court.  Exhaustion

would also result in the creation of an administrative record in a highly complex regulatory area,

which could clarify or narrow factual issues.  Nonetheless, the extent to which these justifications

apply in a particular case is irrelevant to the mandatory nature of the exhaustion requirement.  It

is no surprise then, that plaintiffs' policy arguments as to the futility of mandatory exhaustion

requirements have been repeatedly rejected.  <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 n.6 (2001)

("[W]e stress the point . . . that we will not read futility or other exceptions into statutory

exhaustion requirements where Congress has provided otherwise."); <u>Ruzicka</u>, 329 U.S. at 294

(requiring exhaustion for constitutional claims); <u>Edaleen Dairy</u>, 467 F.3d at 785 (refusing to

excuse the section 15(A) exhaustion requirement even where exhaustion was alleged to be

duplicative).

      In sum, the Court's ruling was legally sound, and does not fall within the extraordinary

circumstances in which Rule 59(e) relief would be appropriate.  The Court merely required – in

accordance with controlling precedent – that plaintiffs exhaust the requisite administrative

process before filing suit in federal court.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for reconsideration should be denied.


Dated: August 28, 2007                              Respectfully submitted,

                                                    PETER D. KEISLER
                                                    Assistant Attorney General

                                                    JEFFREY A. TAYLOR
                                                    United States Attorney

                                                    JAMES J. GILLIGAN
                                                    Assistant Branch Director

                                                    ___/s/ Peter J. Phipps_____
                                                    PETER J. PHIPPS
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    Tel: (202) 616-8482
                                                    Fax: (202) 616-8470
                                                    peter.phipps@usdoj.gov

                                                    Mailing Address:
                                                    Post Office Box 883
                                                    Washington, D.C.  20044

                                                    Courier Address:
                                                    20 Massachusetts Ave., N.W.
                                                    Washington, D.C.  20001

                                                    Attorneys for Defendant