# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HEIN HETTINGA AND ELLEN HETTINGA <br> d/b/a SARAH FARMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Civil Action No.:  06-1637 (RJL) |

## PLAINTIFFS' MOTION FOR AN ORDER MANDATING THE CONFERENCE OF COUNSEL, EXCHANGE OF THE INTIAL DISCLOSURES AND THE FILING OF THE WRITTEN REPORT OF COUNSEL WITH THIS COURT

## INTRODUCTION

Plaintiffs Hein Hettinga and Ellen Hettinga doing business as Sarah Farms and GH Dairy, doing business as GH Processing ("plaintiffs or "Hettingas"), request an Order mandating the conference of counsel, exchange of initial disclosures and filing of the written report of counsel required by Rules 26(f) and 26(a), <u>Federal Rules of Civil Procedure</u>, respectively, and Local Rule 16.4.

This case has been pending since September 22, 2006.  On or about May 28, 2009, the mandate of the United States Court of Appeals for the District of Columbia Circuit was filed and the case remanded for further proceedings on the plaintiffs' Complaint.  On July 13, 2009, a status conference was held at which time plaintiffs requested dates be set for initial disclosures under Rule 26, as well as deadlines for discovery and dates for witness disclosures, dispositive motions as well as other pretrial deadlines.  At the status conference, counsel for defendant United States of America ("defendant" or "government"), asked the Court to further delay these proceedings.  Over two months have now passed since the date of the status conference.  The time has come for this Court to ensure that this case moves forward so that it can be decided on

the merits as required by the <u>Federal Rules of Civil Procedure</u> and the Local Rules, despite the government's reluctance to engage in the required process.

### THE FACTUAL AND LEGAL BASES OF PLAINTIFFS' CAIMS.

Sarah Farms is a producer-handler of milk in Yuma, Arizona producing milk on its own farms and bottling that milk for sale. From 1937 until April 2006, all producer-handlers of milk in the United States were exempt from federal price controls imposed by the federal milk marketing orders. In fact, the U.S. Department of Agriculture ("USDA") had concluded that USDA did not have legal authority to subject producer-handlers to price restrictions. In June 2002, some of the country's largest milk cooperatives and processors requested that USDA subject the Sarah Farms plant to price restrictions. In February 2006, USDA adopted a rule that effectively eliminated the producer-handler exemption for Sarah Farms. When Sarah Farms challenged this rule in court, Congress responded by passing the Milk Regulatory Equity Act ("MREA"), which punishes Sarah Farms by imposing direct statutory price controls on its operations alone. *See* 7 U.S.C. § 608c(5)(N).

The MREA also imposed punitive price restrictions on GH Processing which is owned by plaintiff GH Dairy. *Id.* § 7 U.S.C. 608c(5)(M). It imposed a direct statutory obligation on GH by requiring that if a handler's plant is located in the geographic area that is covered by a Federal Milk Marketing Order, than unless certain exemptions apply, the pricing and pooling requirements of that federal order apply to all sales made by that entity into a non-federally regulated state. The Hettingas sell milk into California (a non-federally regulated State) through GH Processing, which is located within the boundaries of the Arizona Milk Marketing Area. Thus, passage of the MREA subjected the Hettingas for the first time to the pricing and pooling requirements of the <u>Arizona</u> Milk Marketing Order for sales that GH Processing makes into <u>California</u>. As far as is known, GH Processing is the <u>only</u> handler in the United States currently subjected to federal price regulations under the MREA.

Individually and taken together, the MREA singles out the plaintiffs by specific statutory commands for adverse treatment by requiring them to pay hundreds of thousands of dollars per month to subsidize their competitors.

The Hettingas challenge the MREA as an unlawful bill of attainder, i.e., "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trail." Through the MREA, Congress specifically singled plaintiffs out for punitive treatment without a judicial determination, and the extreme burdens imposed on plaintiffs by the MREA constituted legislative punishment. The MREA further denied plaintiffs due process of law by (i) foreclosing their ability to obtain effective judicial review of the USDA Rule in then pending litigation; and (ii) by imposing mandatory statutory punishment upon the operation of their businesses. The MREA further denied plaintiffs the equal protection of the laws by (i) specifically singling them out for adverse treatment that is extended to no other producer-handler; (ii) denying them the ability to challenge that USDA Rule in federal court; and (iii) denying them any effective remedy under the terms of the Agricultural Milk Marketing Agreement Act ("AMAA") by denying them the right to seek exemption or modification of the applicable Milk Marketing Order before the USDA.

## THE PROCEDURAL HISTORY OF THIS CASE

This action was commenced in September of 2006. On July 31, 2007, following briefing and oral argument on the Government's Motion to Dismiss, the Court issued an order dismissing the complaint on the ground that plaintiffs had failed to exhaust their administrative remedies. Plaintiffs filed a timely notice of appeal. While the appeal was pending, plaintiffs proceeded to "exhaust" any alleged administrative remedies before the United States Department of Agriculture. In that proceeding, the Secretary of the United States Department of Agriculture agreed with the Hettingas that USDA possessed no discretion in the implementation of the terms of the MREA or its application to the Hettingas' Sarah Farms or GH Dairy plants. The Hettingas thereafter filed suit in the United States District Court for the District of Arizona, the venue vested with jurisdiction over appeals from administrative proceedings under the Agricultural Marketing Agreement Act, 7 U.S.C. § 608c(15)(B). That suit was later dismissed at the request of the parties.

Shortly after USDA concluded that it could not provide relief to the Hettingas, the United States Court of Appeals for the District of Columbia Circuit reversed the Court's dismissal of the

3

Hettingas' initial complaint, holding that the Hettingas were not required to exhaust administrative remedies before filing suit. On or about May 28, 2009, the Mandate of the United States Court of Appeals for the District of Columbia Circuit was filed with the United States District Court for the District of Columbia and the case was remanded for further proceedings on the plaintiffs' Complaint.

### <u>THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES OF THIS COURT REQUIRE THE PARTIES TO MEET, DISCLOSE THE INITIAL INFORMATION REQUIRED AND PROVIDE THIS COURT WITH A CASE MANAGEMENT PLAN SO THAT THIS NOW THREE YEAR OLD CASE CAN PROCEED</u>

As noted above and as discussed at the Status Conference in July, the Court of Appeals has remanded this case with instructions that the matter proceed on plaintiffs' Complaint. As with many defendants, the strategy of the government appears to be an effort to delay the proceedings in this case in order to avoid addressing the merits of plaintiffs' claims. In particular, the government has declined to engage in the normal planning process that is required by the <u>Federal Rules of Civil Procedure</u> and the Local Rules of this Court to shape the matter so that the Court may consider it efficiently.

At the outset of this litigation, based upon the filing of the Motion to Dismiss by the government, plaintiffs filed an unopposed Motion to Establish Further Briefing Schedule for the Motion to Dismiss and for Stay of Discovery Pending Resolution of that Motion. The unopposed Motion to Establish the Briefing Schedule and for Stay of Discovery Pending Resolution of the Motion to Dismiss was filed by plaintiffs on December 13, 2006. Defendant consented to the request for a stay pending resolution of its Motion to Dismiss. The language of the plaintiffs' Motion is important in understanding that context of the requested stay:

> Accordingly, Plaintiffs request that this Court enter an Order staying the Conference of Counsel required by Fed.R.Civ.P. 26(f), the Initial Disclosures required by Rule 26(a), and the Written Report of counsel concerning the proposed discovery plan required by Rule 26(f) <u>until after the Court has resolved the pending Motion to Dismiss</u>. (Emphasis added).

On December 15, 2006, the Court entered a Minute Order staying all discovery, "…until after the Court resolves the Motion to Dismiss."

The reason for the requested stay has long since passed. This Court resolved that pending Motion to Dismiss in July of 2007. In fact, the Motion to Dismiss has been decided, appealed and the Court of Appeals has reversed the granting of that Motion and remanded this case for further proceedings on the plaintiffs' Complaint. Therefore, the reason for the stay of discovery has long since ended and, to the extent required, plaintiffs withdraw any request to continue with any stay of discovery or other pretrial procedures.

Rule 16, Federal Rules of Civil Procedure, requires federal judges to hold pretrial conferences and issue orders controlling the litigation from the outset. The objective is to bring about the just, speedy and inexpensive determination of every action. Rule 16 empowers this Court to supervise each stage of the action, including pleadings, discovery and pretrial motions. Thus, the pace of litigation is set by this Court, and not by the attorneys. ("Empirical studies reveal that when a trial judge intervenes personally at an early stage to assume judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps, the case is disposed of by settlement or trial more efficiently and with less cost and delay than when the parties are left to their own devices". Advisory Committee Notes, 1983 Amendment to Rule 16).

Except as otherwise provided by stipulation or court order, the parties must meet and voluntarily disclose information regarding relevant witnesses and documents. This initial meeting is required "as soon as practicable" and at least twenty-one days before a scheduling conference is held or the date when the scheduling order is due. See Rule 26(f), Federal Rules of Civil Procedure. Except as otherwise provided by local rule, a "scheduling order" is required in all cases. Rule 16(b), Federal Rules of Civil Procedure. Before issuing such an order, a court must consult with the attorneys for the parties and any unrepresented parties by a "scheduling conference" or by "telephone, mail or other suitable means." Id. In this Court, as in most courts, a "scheduling conference – often called the "initial status conference" or "initial case

management conference" – is held for this purpose.  See L.C.vR16.4, Rules of the United States District Court for the District of Columbia.

The initial status conference must be held before the scheduling order is issued; this means that the conference usually takes place within 120 days after the action is filed.  A scheduling order must issue no later than:  90 days after the first defendant's appearance in the action, whether by answer or motion; or within 120 days after any defendant is served, if earlier. Rule 16(b), Federal Rules of Civil Procedure.

In this case, all of those deadlines are well past and now past due.  While there was a reason in late 2006 and early 2007 not to hold the conference of counsel while this Court considered the defendant's Motion to Dismiss, that reason has long since expired.  Any further delay by the government in declining to carry out its obligations to meet with plaintiffs' counsel to plan the process for consideration of this lawsuit would violate Rule 16 and Rule 26, Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia dealing with the scheduling and case management of civil cases.  While the government may want to continue to avoid dealing with the merits of plaintiffs' claims, this Court has the obligation to stop any further dilatory tactics and to move this case towards a, "just, speedy and inexpensive" determination.

Counsel for Defendant United States of America has authorized plaintiffs' counsel to state that it opposes this Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs Hein Hettinga and Ellen Hettinga d/b/a Sarah Farms and GH Dairy d/b/a/ GH Processing request that this Court issue an Order mandating that counsel for the parties meet and confer, exchange the initial disclosures and provide this Court

with a case management plan by a specific date certain set by this Court.

Respectfully submitted,

*Alfred W. Ricciardi* by JFC

ALFRED W. RICCIARDI by JFC
(Arizona Bar No. 009547)
Hebert Schenk P.C.
4742 N. 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203

JOHN F. COONEY
(D.C. Bar No. 936336)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

Counsel for Plaintiffs

September 22, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2009, I electronically transmitted this Plaintiffs' Request that the Court Enter an Order Mandated the Conference of Counsel Required by Rule 26, Federal Rules of Civil Procedure, the Initial Disclosures Required by Rule 26(A), Federal Rules of Civil Procedure and the Written Report of Counsel Concerning the Proposed Discovery Plan Required by Rule 26(F), Federal Rules of Civil Procedure with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter J. Phipps
United States Department of Justice
Civil Division, Federal programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Attorneys for Defendant

*John F. Cooney*

John F. Cooney

S:\SarahFarms\2320301\Washington D.C\Pltffs'ReqforOrderMandatingConference-Final.DOC

7