UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS, ) ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) ) | Civil Action No. 06-1637 (RJL) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER MANDATING THE CONFERENCE OF COUNSEL, EXCHANGE OF THE INITIAL DISCLOSURES AND THE FILING OF THE WRITTEN REPORT OF COUNSEL WITH THIS COURT**

Plaintiffs' motion (Docket #39) seeks a court order that would essentially mandate the commencement of discovery in this case. That motion should be denied because discovery is not needed here.

Plaintiffs bring only facial constitutional challenges to the Milk Regulatory Equity Act of 2006 (the "MREA"), Pub. L. No. 109-215, 120 Stat. 328 (Apr. 11, 2006), and no discovery is needed for the Court to evaluate those facial constitutional challenges. In addition, there is no need for discovery because, as described in defendant's motion to dismiss briefing (Docket ##4, 22), plaintiffs' specific challenges are meritless and fail to state a claim for relief. At a minimum, discovery is inappropriate at this point in the litigation where the Court has not determined that plaintiffs state a claim for relief or are within the Court's jurisdiction.

**I.      Plaintiffs Are Not Entitled to Discovery Because They Bring Only Facial Challenges to a Statute.**

Plaintiffs' motion for an order that would effectively commence discovery is inconsistent with plaintiffs' pleadings and should be denied.  Plaintiffs' complaint raises three facial constitutional challenges to the MREA (under the bill of attainder clause, the due process clause, and the equal protection clause).  By limiting their case to only facial challenges, *see, e.g.,* Pl's Mem. in Opp. at 44 (Docket #14),[1] plaintiffs avoided the administrative exhaustion requirement for challenges to the federal regulation of milk, *see* 7 U.S.C. § 608c(15)(A).  Another consequence of plaintiffs' decision to bring only facial challenges, however, is that plaintiffs have no valid basis for seeking discovery.

Facial challenges are pure questions of law that focus on the specific statutory text and do not require any factual exploration.  *See Gen. Elec. Co. v. Johnson*, 362 F. Supp. 2d 327, 337 (D.D.C. 2005) ("[A] facial challenge to the text of a statute does not typically require discovery for resolution because the challenge focuses on the language of the statute itself.").  Put another way, because plaintiffs must show that ***any*** application of the statute is unconstitutional to succeed in a facial challenge, no particular set facts is controlling, and discovery is not needed.  *See Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 971 (9th Cir. 2003) ("To bring a successful facial challenge outside the context of the First Amendment, 'the challenger must establish that no set of

---

[1] Plaintiffs also emphasized that their lawsuit consisted only of facial challenges in their appeal to the D.C. Circuit.  *See* Appellants' Final Opening Brief at 6, 8, 14 (July 22, 2008) in *Hettinga v. United States*, No. 07-5403 (D.C. Cir.).

2

circumstances exists under which the [statute] would be valid.'" (*quoting United States v. Salerno*, 481 U.S. 739, 745 (1987) (alteration in original))).

Nor is discovery needed in the context of plaintiffs' specific constitutional challenges. For instance, discovery is not needed to determine whether the MREA violates the bill of attainder clause. A statute constitutes an impermissible bill of attainder when it (i) targets a sufficiently specific person or group; (ii) inflicts a punishment; and (iii) usurps the judicial function. *See Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977). None of those elements requires discovery.

Under the specificity element, legislation is evaluated on whether it is open-ended in its applicability and whether it governs conditions within a person's control, as opposed to immutable characteristics. *See Nixon*, 433 U.S. at 471-72; *Communist Party of the United States. v. Subversive Activities Control Bd.*, 367 U.S. 1, 86 (1961); *Am. Commc'ns Ass'n, C.I.O. v. Douds*, 339 U.S. 382, 414 (1950). Neither of those two conditions requires factual development. Whether a statute is open-ended in its applicability will be evident from the plain text. And whether a statute regulates conditions within a person's control can also be determined from the face of the statute.

The same holds true for the legislative punishment element. In evaluating whether legislation constitutes a punishment for bill-of-attainder purposes, courts have considered three factors: whether the legislation fits into the historical definition of a punishment (the historical test); whether the legislation acts like a punishment (the functional test); and whether the legislation was motivated by punitive interests (the motivational test). *See*

3

*Selective Serv. Sys. v. Minn. Pub. Interest Research Group*, 468 U.S. 841, 852 (1984). Again, none of those factors requires discovery. The historical definition of punishment is a legal question, evaluated in the context of precedent. *See id.* at 852-53; *Nixon*, 433 U.S. at 473-75. Similarly, whether a statute functions as a punishment is a legal question that can be assessed from the plain text. *See Selective Serv. Sys.* at 854-56; *Nixon*, 433 U.S. at 475-78. Finally, the motivational test for a legislative punishment is evaluated on the basis of only the congressional record, again requiring no discovery. *See Nixon*, 433 U.S. at 478-80 (1977) (examining only the legislative history in evaluating the motivational test for punishment).

The final element of the bill of attainder prohibition – preventing legislatures from usurping judicial functions – also does not require discovery. A legislature may usurp the judicial function in two ways: by making a legislative determination of guilt or by denying judicial recourse. *See Nixon*, 433 U.S. at 468; *United States v. Brown*, 381 U.S. 437, at 454 n. 29; *United States v. Lovett*, 328 U.S. 303, 322-23 (1946) (Frankfurter, J., concurring); *Cummings v. Missouri*, 71 U.S. 277, 323 (1866); *see generally*; *Siegel v. Lyng*, 851 F.2d 412, 416 (D.C. Cir. 1988) (explaining the separation of powers rationale for bill of attainder prohibition). Neither of those determinations requires discovery. If the MREA either legislatively determined guilt or denied judicial recourse, it would be clear on the face of the statute.

Plaintiffs' facial challenges under the due process and equal protection clauses also do not require discovery. It is a basic principle that discovery is not required to evaluate

4

the sufficiency of facial constitutional challenges that are governed by rational basis review (as are due process and equal protection challenges). As the Supreme Court explained in *F.C.C. v. Beach Communications, Inc.*, "a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." 508 U.S. 307, 315 (1993). For that reason, there is no need for discovery or "courtroom fact-finding" to evaluate plaintiffs' due process and equal protection challenges.

In short, plaintiffs' case presents only pure questions of law – whether the MREA on its face violates certain constitutional protections. Factual development is not needed to resolve those purely legal questions.

**II.     Even If Discovery Were Appropriate, it Should Not Take Place until after the Court Has Ruled on the Remaining Arguments in Defendant's Motion to Dismiss.**

Defendant moved to dismiss this case on jurisdictional grounds as well as for failure to state a claim. One of those jurisdictional bases – the exhaustion requirement – has been resolved in plaintiffs' favor, but the Court has not yet ruled on the remaining critical infirmities of plaintiffs' case.

As explained in detail in defendant's briefing (Docket ##4, 22), plaintiffs fail to prove any element of a bill of attainder challenge. Nor can plaintiffs sustain a rational basis challenge under either the due process or equal protection clauses. Furthermore, the Court lacks jurisdiction over plaintiff Sarah Farms because Sarah Farms cannot satisfy the "fairly traceable" and redressability elements of Article III standing. Thus, even if this

were the sort of case where discovery would eventually be appropriate, plaintiffs' motion to commence discovery should be denied now.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion should be denied; and as explained in defendant's motion to dismiss papers (Docket ##4, 22), this case should be dismissed.

Dated: October 6, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

CHANNING D. PHILLIPS
Acting United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

  /s/ *Peter J. Phipps*
PETER J. PHIPPS
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendant