**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS, et al.,** | ) | **Case No.: 1:06-cv-01637-RJL** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER MANDATING THE CONFERENCE OF COUNSEL, EXCHANGE OF THE INITIAL DISCLOSURES AND THE FILING OF THE WRITTEN REPORT OF COUNSEL WITH THIS COURT**

Over four months ago, a mandate issued from the United States Court of Appeals for the District of Columbia Circuit to this Court remanding this case for further proceedings on the Plaintiffs' Complaint. Three months ago, a status conference was held in which the plaintiffs requested the exchange of initial disclosures pursuant to Rule 26, Federal Rules of Civil Procedure. The government has adamantly refused to agree on a scheduling conference, to make initial disclosures, or to even discuss a plan for conducting discovery in this case. As a result, plaintiffs moved for an Order mandating the conference of counsel and the exchange of initial disclosures even though the Federal Rules of Civil Procedure already have those mandatory requirements.

In fact, the government has refused to even confer with plaintiffs' counsel to discuss the mandatory disclosures of Rule 26 or any substantive discovery. Rather than explain why it stubbornly refuses to comply with the letter of Rule 26 and the Rules of Civil Procedure dealing with discovery in general, the government re-hashes the arguments of a Rule 12 motion that is not now before this Court, but which was before the Court of Appeals when it issued its mandate.

The government's failure to participate in the required Rule 26 conference and prepare the accompanying status report is essentially an attempt to convert this case from one in which the initial disclosure requirements of the Federal Rules of Civil Procedure clearly apply to one that is exempted from those mandatory requirements. The government has derogated to itself the power to unilaterally decide that no discovery is permitted in this case. As explained herein, however, the Federal Rules of Civil Procedure provide an explicit avenue for parties with such contentions.

The Federal Rules of Civil Procedure mandate "required disclosures" and impose an affirmative obligation upon parties to exchange initial discovery information ". . .within 14 days after the parties' Rule 26(f) conference." Rule 26(a)(1)(C), Federal Rules of Civil Procedure. Rule 26(f), in turn, establishes that, "parties must confer as soon as practicable," ..."make or arrange for the disclosures required by Rule 26(a)(1)," and that counsel and the parties are responsible for "submitting to the court within 14 days after the conference a written report outlining the plan." Rule 26(f)(2), Federal Rules of Civil Procedure. Provisions in both the Federal Rules of Civil Procedure and the Local Rules of this Court set forth the types of cases that are exempt from these mandatory initial disclosure requirements; this case is not one of the enumerated exempted cases. *See* Rule 26(a)(1)(B), Federal Rules of Civil Procedure and L.R. Civ. P. 16.3(b).

The government does not even claim that this case falls within any of the categories of exempted cases and that it should be exempted from the meet and confer and reporting requirements. Instead, the government purports to convert its response to the plaintiffs' Motion into a stealth discovery motion outlining the defendant's position that there is allegedly no need to conduct any discovery in this case. But, Rule 26 provides an explicit method for those parties who seek exemption for discovery or who otherwise object to discovery plans. The time and place to object to discovery is during the meet and confer conference and as part of the discovery plan, not simply to refuse to meet and confer:

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or **unless a party objects during the**

> **conference that initial disclosures are not appropriate** in this action **and states the objection in the proposed discovery plan**.

Rule 26(a)(1)(C), Federal Rules of Civil Procedure (emphasis added).[1]

Instead of compliance, the government relies upon *Gen. Elec. Co. v. Johnson*, 362 F. Supp. 2d 327, 337 (D.D.C. 2005), for the proposition that there is "no need for discovery here." These arguments are premature in the absence of a proposed discovery plan, formal objections to that plan, including the bases for said objections presented by the government, and a full opportunity for the plaintiffs to respond In any event, rather that establishing that discovery is not appropriate in resolving a claim premised upon a violation of the Bill of Attainder clause by Congress, *General Electric* states only that, "a facial challenge to the text of a statute does not **typically** require discovery for resolution because the challenge focuses on the language of the statute itself." *Id.* (emphasis added). The case does not hold (or even state) that discovery is never appropriate in a case involving, among other things, a facial challenge to a statute. Instead, this is a question to be decided by this Court after full briefing by the parties. Most importantly, even though this case was filed in 2006, plaintiffs have never had even the opportunity to obtain any information from the government to support claims premised upon the due process, equal protection and the Bill of Attainder clauses of the Constitution.

---

[1] The Federal Rules of Civil Procedure govern discovery procedures in civil actions and are available as a matter of right to all litigants. *See* Rule 26(b)(1), Federal Rules of Civil Procedure. ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible thing and the identity and location of persons who know of any discoverable matter.") The only limitation on the timing for discovery is that, "a party may not seek discovery from any source before the parties have met and conferred" to discuss the nature of the case, a discovery plan and to arrange to make the required early disclosures. *See* Rule 26(d) and (f), Federal Rules of Civil Procedure. The reason that the conference must be held "as soon as practicable" after the case is filed but no more than 21 days before a scheduling conference is held or scheduling order issued under Rule 16(b), Federal Rules of Civil Procedure, is that there is an embargo on discovery which curtails the right of a litigant to obtain information necessary to prosecute his claim. In this case, however, the government has effectively granted to itself an ongoing veto power over the right to discovery and the obligations mandated upon it by both the Federal Rules of Civil Procedure and the Local Rules of this Court. Since this is not one of the categories of cases that is exempted under either the Federal Rule or by Local Rules, these pretrial procedures are mandatory and cannot be disregarded by government whim.

Indeed, another federal district court called upon to ascertain the scope of permitted discovery in a Bill of Attainder case concluded that discovery of pertinent information outside of public legislative history is permitted in such cases. *Kay v. City of Rancho Palos Verdes*, 2003 WL 25294710 at * 9 (C.D. Cal. October 10, 2003). In *Kay*, the Court allowed the depositions of persons for the purpose of obtaining evidence regarding the punitive intent of the legislature:

> [T]he case authority does not hold that deposition testimony cannot be relevant, i.e., cannot "hav[e] any tendency to make the existence of any [material] fact ... more probable ...," Fed. R. Evid. 401, and this is so whether the pertinent claim is the bill of attainder claim, the due process claim or the equal protection claim.

*Kay v. City of Rancho Palos Verdes*, 2003 WL 25294710 at * 9 (C.D. Cal. October 10, 2003). Specifically, the Court allowed the plaintiff in *Kay* to conduct discovery regarding, ". . . such objective facts as conversations with persons who were not legislators or staff and materials reviewed which are not part of the administrative record." The scope of discovery in that case was permitted to include objective matters not included in the legislative history so as to protect legislative privilege.[2]

The government also argues that discovery should not proceed due to the motion to dismiss filed by the government back in 2006-2007. (Docket 4). But there is no such motion currently before this Court. The motion that was filed was extensively briefed and oral argument held. This Court considered all of the arguments in the Motion, including those for failure to state a claim. *Hettinga v. United States*, 518 F. Supp. 2d 58, 60 (D.D.C. 2007) ("Defendant brings this Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)."), Docket 24 at 4. Ultimately, this Court ruled that the Hettingas were required to exhaust administrative remedies. *Id.* at 62, Docket 24 at 8. The Court of Appeals reviewed that decision and determined that the Hettingas need not exhaust administrative remedies. *Hettinga v. United*

---

[2] It is important to understand the context of the *Kay* decision. There, the court was faced with a motion to compel filed by the plaintiffs and a competing motion for protective order filed by the defendant. In other words, the initial meeting of counsel, exchange of disclosures and Rule 16 order had already occurred since no discovery is permitted until those events have taken place. The government has not even taken that step. It has decided to ignore the Rules. If it is the contention of the government that discovery should be limited, then it should be forced to comply with the Rules so that issue can be presented to this Court for decision.

*States*, 560 F.3d 498 (D.C. Cir. 2009). The case has been remanded with instructions from the Court of Appeals to proceed on the Hettingas' Complaint. Docket 36. The arguments regarding the merit (or lack of merit) of the government's challenges are irrelevant, as the Court has already considered and implicitly rejected them.

Accordingly, the government must be ordered to participate in the initial conference under Rule 26 and develop a discovery plan. If the government objects to the plan, the Federal Rules of Civil Procedure provide an opportunity to do so, but until such time, the government's objections are premature. This is not a case exempted from initial disclosures and the other provisions of Rule 26(a). Therefore, both the Federal Rules of Civil Procedure and Local Rules of this Court mandate that this case move forward with the meeting of counsel, the disclosure requirements and the scheduling conference. Each of these items is long overdue.

Respectfully submitted,

Alfred W. Ricciardi

ALFRED W. RICCIARDI by JFC
(Arizona Bar No. 009547)
Aiken Schenk Hawkins & Ricciardi P.C.
4742 N. 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203

JOHN F. COONEY
(D.C. Bar No. 936336)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

Counsel for Plaintiffs

October 15, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2009, I electronically transmitted this Reply Memorandum with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter J. Phipps
United States Department of Justice
Civil Division, Federal programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Attorneys for Defendant

John F. Cooney

S:\SarahFarms\2320301\Washington D.C\Reply in Support-Rev10-13-09.DOC